

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 5, 1949

Hon. Allan Shivers　　　　　　Opinion No. V-873
Governor of Texas
Capitol Building　　　　　　　Re: Authority of the Governor
Austin, Texas　　　　　　　　　　to approve two accounts
　　　　　　　　　　　　　　　　of a sheriff, acting as an
Attention: Mr. Ransom　　　　　　agent of the State, for ac-
　　　　　　　　　　　　　　　　tual and necessary travel-
　　　　　　　　　　　　　　　　ing expenses incurred by
　　　　　　　　　　　　　　　　him on two trips to return
　　　　　　　　　　　　　　　　the same fugitive to Texas.

Dear Governor:

　　　　Reference is made to your request for an opinion, which reads:

　　　　"Please advise the undersigned on the following facts: The Sheriff of Mills County went to California after a fugitive and returned him to Goldthwaite. The prisoner escaped from the Goldthwaite jail and returned to California. The Sheriff, under a second set of extradition papers, has again gone after him. Should both expense accounts of the agent and sheriff be paid by this office under the Statute covering the payment by the State for the return of fugitives under a writ by the Governor?"

　　　　We are advised that the Sheriff of Mills County, acting as agent of the State, has returned the fugitive to Texas and lodged him in jail.

　　　　Article 1005 and Section 1 of Article 1006, Vernon's Code of Criminal Procedure, read as follows:

　　　　Art. 1005:

　　　　"When the Governor deems it proper to demand a person who has committed an offense in this State and has fled to another State or territory, he may commission any suitable person to take such requisition. The accused, if brought back to the State, shall be delivered up to the sheriff of the county in

which it is alleged he has committed the
offense."

Art. 1006, Sec. 1:

"The officer or person so commission-
ed shall receive as compensation the ac-
tual and necessary traveling expenses upon
requisition of the Governor to be allowed
by such Governor and to be paid out of the
State Treasury upon a certificate of the
Governor reciting the services rendered and
the allowance therefor."

The Governor not only has the authority to ap-
prove the account of the agent of the State, Sheriff of
Mills County, for the actual and necessary traveling ex-
penses incurred by him on his first trip to California,
but it is his duty to do so, insofar as he may find it to
be correct.  Opinion No. V-520.

A sheriff or other peace officer of this State
has no jurisdiction beyond the boundary of Texas.  When a
sheriff has been commissioned by the Governor, under the
provisions of Article 1005, to go to another state and re-
turn a fugitive from justice to this State, he acts as an
agent of the State - not in his official capacity as sher-
iff - and travels both within and without the State in
that capacity.  Opinion No. V-525.

It was the duty of the Sheriff of Mills County
to retake the prisoner after he escaped from jail, if he
could, anywhere within this State, the limit of his juris-
diction.  Opinion No. 0-3010.  But had neither the au-
thority nor the duty of retaking him beyond the boundary
of Texas.  Therefore, if the fugitive were to be returned
to Texas from California where he was captured, it would
be necessary for the Governor, upon proper request being
made to him, to commission some suitable person or officer
an agent of the State to return him.  The Governor so com-
missioned the Sheriff of Mills County, who performed his
duties as such agent, returned the fugitive to Texas and
lodged him in jail.

Therefore, under the plain provisions of Section
1 of Article 1006, he, as such agent - not as sheriff - is
entitled to be paid by the State such actual and necessary
traveling expenses incurred by him in the performance of
his duty as such agent.

## SUMMARY

Where a Sheriff, commissioned by the Governor an agent of the State, returns a fugitive to his jail from which he escapes and flees from the State and the Governor again commissions the Sheriff to return the fugitive, which he does, the Governor may approve his accounts for actual and necessary traveling expenses incurred in making each trip. Art. 1005 and Sec. 1 of Art. 1006, V.C.C.P.; A.G. Opinions numbered V-520, V-525, and 0-3010.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  *Bruce W. Bryant*

Bruce W. Bryant
Assistant

BWB:amm:wb

APPROVED:

*Price Daniel*
ATTORNEY GENERAL